# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Criminal No. 12-196(1) (DWF/TNL)

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**ORDER AND MEMORANDUM**

Phillip Anthony Roberts,

        Defendant.

The above-entitled matter is before the Court upon Defendant Phillip Anthony Roberts' Motion for a New Trial pursuant to Rule 33(a)(b)(1) of the Federal Rules of Criminal Procedure. (Doc. No. 67.) The Government opposes the motion. (Doc. No. 84.) Defendant alleges that there is new evidence which relates to a reported alibi for a shooting incident that occurred on June 27, 2012. The motion was filed by Defendant's former counsel, Barry Voss. In a telephone status conference on July 19, 2013, with this Court, current counsel, Reggie Aligada, advised the Court that he would not be withdrawing the motion, but that he had no further submissions.

Based upon the submissions and presentations of counsel, including Defendant's former counsel, and the Court having reviewed the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Defendant's Motion for a New Trial pursuant to Rule 33(a)(b)(1) of the Federal Rules of Criminal Procedure is respectfully **DENIED**.

Dated: October 8, 2013           s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge

# MEMORANDUM

**Introduction**

Defendant was convicted on December 12, 2012, of being a felon in possession of a firearm. The Defendant, with the assistance of counsel, waived a jury trial and requested a bench trial. At the conclusion of the one-day bench trial, the Court found Defendant guilty of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). For the reasons stated in this memorandum, the Court respectfully denies Defendant's Rule 33 motion for a new trial. No miscarriage of justice will occur if the Court does not set aside the verdict. Moreover, the interests of justice do not require this Court to vacate the verdict this Court rendered in this case, based upon the evidence before the Court and the entire record, including the procedural history of the case thus far as the Defendant awaits sentencing.

Defendant's one-page motion and his former counsel Barry Voss's affidavit assert that there is newly discovered evidence that would require this Court to vacate the verdict that it entered and order a new trial in the interests of justice.

**Newly Discovered Evidence**

The Court already observed in its November 6, 2012 Order Adopting Report and Recommendation of the Magistrate Judge that the July 11, 2012 arrest of the Defendant did not take into account, nor did it require, any information gathered from the *Terry* stop of Defendant's vehicle on June 27, 2012. Law enforcement had developed sufficient facts to support a finding of probable cause on July 11, 2012, independent of any facts learned from the June 27, 2012 stop.

On June 27, 2012, at approximately 11:50 a.m., St. Paul police officers responded to a shooting incident that had just occurred at Concordia and Chatsworth in St. Paul, Minnesota. The report received was that a lone "black male" with his face partially obscured by a bandana, walked up to a vehicle containing three other black males and began shooting. Two of the victims were hit and injured by the gunfire, but no one was killed. At that time, the St. Paul Police Department sent out an investigative bulletin that a black Chrysler motor vehicle may have been involved in the shooting. At that time, on June 27, 2012, a St. Paul City police officer saw a black Chrysler driven near the scene of the crime, moments after the shooting, and stopped it. The only individual in the car was the driver, Defendant. Because officers could not determine at that time whether Defendant or the vehicle had actually been involved in the shooting, they released both

3

Defendant and the vehicle at the scene where he had been detained.  Subsequent to June 27, 2012, the investigator on the case developed what he believes was probable cause that Defendant, in some way, was in fact involved in the shooting.  With that information, the investigator, Sergeant Bryant Gaden, issued what is called an investigative pickup and hold order for Defendant, pursuant to Minn. Stat. § 629.34, subd. 1(c).  This order was communicated to other officers in the City of St. Paul.

On July 11, 2012, the date of the offense that Defendant in the case before the Court was indicted on, two City of St. Paul police officers, on routine patrol, said that they saw Defendant, knew Defendant, and stopped him pursuant to the pickup order noted above.  Defendant was the only occupant in the vehicle and was taken into custody.  Because the vehicle had been towed, the officers conducted an inventory search, pursuant to standard St. Paul Police Department policy.  In doing so, they found a handgun hidden in the center counsel, along with two sandwich baggies full of suspected marijuana.  Defendant, being a convicted felon, was prohibited from possessing a firearm.  As a result of an inventory search, Defendant was then charged in the single count indictment of being a felon in possession of a firearm, which was the charge before the Court at the bench trial.  Significantly, there was no testimony offered at trial regarding the June 27, 2012 shooting incident.

The Court is at a complete loss to understand the basis for the Defendant's motion.  The phrase "newly discovered evidence" has been referred to based upon an assertion that there may have been evidence, at least by inference, that on June 27, 2012, Defendant

could not have been the shooter because he may have been seen at a gas station and therefore such evidence would qualify for an alibi defense on June 27, 2012. In the *pro se* motion filed on April 19, 2013, by Defendant himself, which predated the motion of his trial counsel, the Defendant stated:

> Through the course of the initial investigation into the aforementioned incident, an [unnamed] St. Paul Police Officer, indicated that he observed Mr. Roberts' vehicle as (sic) a gas station so far removed from the "shooting incident" that it would be physically impossible to be at the scene of the shooting when it occurred. Mr. Roberts avers that the investigative file is not fully developed in this criminal matter, since it does not include said Officer's statement.

There is no such evidence, as the Government suggests. However, even if the Court assumed there was such evidence, on the record before the Court, it would not create any basis for either a new trial or for a remedy that the Defendant, nor his former counsel, has even suggested or asked for, namely, a rehearing on the suppression issues. As already noted by this Court, the existence of probable cause for the July 11, 2012 arrest was independent of whatever happened or did not happen on June 27, 2012. In any event, no newly discovered evidence has been produced by Defendant. However, as observed by the Government, even if this evidence actually exists, it is not relevant in any way to the trial and the events of July 11, 2012, on the record before the Court. The Defendant was not on trial for the June 27, 2012 shooting incident. Consequently, whether he was at the gas station at the time of the shooting on June 27, 2012, had no bearing on whether he was guilty or not guilty of possessing a firearm on July 11, 2012.

Consequently, pursuant to Rule 33(a)(b)(1) of the Federal Rules of Criminal Procedure the Defendant has failed to establish that there was any newly discovered evidence that was relevant to the events of July 11, 2012, the trial on December 12, 2012, and, more importantly, there was no newly discovered evidence that would have had any likelihood of causing an acquittal in the trial. *United States v. Baker*, 479 F.3d 574 (8th Cir. 2007). Finally, the interests of justice do not require this Court to vacate the verdict rendered on December 12, 2012. The Defendant received a fair trial and no miscarriage of justice occurred.

It is indeed unfortunate that this motion, while brought in good faith, is without any merit whatsoever, especially in light of the July 29, 2013 letter the Court received from Defendant. The Court will, of course, permit the Defendant to address his concerns about himself and his family at the sentencing in this matter.

For the reasons stated, the Court has respectfully denied Defendant's Motion for a New Trial.

D.W.F.