UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-196 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Phillip Anthony Roberts, | |
| Defendant. | |

Phillip Anthony Roberts, Defendant, *Pro Se*.

Katharine T. Buzicky and Andrew S. Dunne, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Phillip Anthony Roberts's ("Roberts") *pro se* motion for release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 134 ("Motion").) The United States of America (the "Government") opposes Roberts's Motion. (Doc. No. 137.) For the reasons discussed below, the Court respectfully denies Roberts's Motion.[1]

# BACKGROUND

In July 2012, Roberts was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 924(e)(1). (Doc. No. 1.) Roberts waived his right

---

[1] Roberts's response to the Government's opposition was due March 24, 2022. (Doc. No. 136.) Roberts did not file a response.

to a jury and proceeded to a bench trial which took place on December 12, 2012. (Doc. No. 51.) This Court found him guilty. (Doc. No. 61.) On June 4, 2014, this Court sentenced him to 180 months' imprisonment to be followed by a five-year term of supervised release.[2] (Doc. Nos. 95, 96.) Roberts filed a direct appeal; however, the Eighth Circuit affirmed his conviction on June 5, 2015. (Doc. Nos. 105, 106, 107 (together, "Affirmation").) Roberts then filed a motion pursuant to 28 U.S.C. § 2255, challenging, in part, the validity of his ACCA predicates. (Doc. No. 112.) This Court denied the motion in all respects and explained in detail why Roberts is an armed career criminal under federal law.[3] (Section 2255 Denial at 7-9.)

Roberts is currently incarcerated at Oklahoma City Federal Transfer Center, *en route* to a new prison placement.[4] Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited March 17, 2022). Roberts's anticipated release from prison is October 1, 2025. *Id.*

---

[2] The Court, at Roberts's request, deferred sentencing for over a year so that Roberts could pursue motions challenging his prior state narcotics convictions that served to enhance his sentence under the Armed Career Criminal Act ("ACCA"). (*See* Doc. No. 124 ("Section 2255 Denial") at 6; *see also* Doc. Nos. 87, 91-93.) The state-court litigation was unsuccessful. *See Roberts v. State*, 856 N.W.2d 287 (Minn. App. 2014); *Roberts v. State*, No. A14- 0596, 2015 WL 134050 (Minn. App. Jan. 12, 2015); *Roberts v. State*, No. A14- 0822, 2015 WL 1013688 (Minn. App. March 9, 2015).

[3] The Eighth Circuit dismissed Roberts's appeal of this Court's Section 2255 Denial. (Doc. Nos. 132, 133 (together "Dismissal").)

[4] Roberts asserts that his transfer is from FCI Berlin in Berlin, New Jersey to FCI Beckley in Beaver, West Virginia. (Doc. No. 134-2.)

Roberts now moves for compassionate release on grounds that his ACCA-enhanced sentence is too long. (Motion at 3-9.) He asserts that because he was a "low level freelance [drug] seller," but "not a kingpin, not a member of a vast drug organization, or even a drug organization of any kind," his "ACCA sentence is excessive." (*Id.* at 5.) Roberts contends that this constitutes "an extraordinary and compelling reason to provide [him] relief and a change in his sentence." (*Id.*)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[5]

---

[5] While the Statement refers only to motions filed by the Director of the BOP, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

The Court acknowledges that there is ongoing litigation surrounding this issue and that other courts have found that the Statement does not apply to motions initiated by a defendant. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker,* 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). The Court also notes that the Eighth Circuit has not yet considered the issue.

Family circumstances considered "extraordinary and compelling" include: (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *Id.*, cmt. n.1((C).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." Statement. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[6] *Id.*

---

[6] Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting

4

The record reflects that Roberts sought relief from his warden in November 2021, asserting that his ACCA-enhanced sentence is "too harsh."[7] (Doc. No. 134-1.) The Court therefore finds that Roberts's Motion is properly before this Court.

Motions under § 3582(c)(1)(A) are intended to serve as an individualized inquiry into a particular defendant's circumstances, especially emergent medical and family situations. *United States v. Logan*, 532 F.Supp.3d 725, 734-35 (D. Minn. 2021). Here, Roberts cites no basis for compassionate release other than his belief that his ACCA-enhanced sentence is too long. The Court therefore finds that Roberts's Motion is an improper attempt to challenge his conviction and sentence through the vehicle of a compassionate release.

It is well settled that a prisoner's sole means to challenge the validity of a conviction or sentence is a motion under 28 U.S.C. § 2255, something Roberts has already pursued unsuccessfully. *See, e.g.*, *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention."). Roberts may not rely on a motion for compassionate relief to circumvent post-conviction relief restrictions. *See, e.g.*, *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) ("[Defendant] cannot avoid the restrictions of the post-conviction relief statute by

---

judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[7]   Roberts cited additional grounds for relief, including a positive tuberculosis test, that he does not reference in the instant Motion.

resorting to a request for compassionate release instead."); *see also United States v. Fine*, 982 F.3d 1117 (8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion.").

The Court recognizes that Roberts remains dissatisfied with the length of his conviction; however, Roberts may not repurpose a motion for compassionate release to circumvent the restrictions on post-conviction relief.[8] Therefore, the Court respectfully denies Roberts's Motion.

## CONCLUSION

For the reasons set forth above, the Court finds that Roberts's Motion is an improper attempt to challenge his sentence and conviction under the guise of compassionate release; a tactic foreclosed by Eighth Circuit precedent. The Court therefore respectfully denies his Motion.

---

[8] Even if the Court were to construe Roberts's Motion as something other than an improper attempt to circumvent restrictions on post-conviction relief, the Court would still find that Roberts fails to present an extraordinary and compelling reason to warrant release. First, Roberts's argument fails to comport with any acceptable basis for release under the Statement. *See* Statement. Moreover, even if the Court were to exercise discretion beyond what the Statement permits, the Court would still find that Roberts's circumstances are insufficiently extraordinary and compelling to warrant release. While Roberts argues that his ACCA-enhanced sentence is too harsh, the Court has previously explained why Roberts's predicate offenses are considered "serious drug offenses" under the ACCA such that Roberts is an armed career criminal under federal law. (*See* Affirmation; Section 2255 Denial at 7-9.) The Court also notes that the Eighth Circuit has both affirmed Roberts's conviction and dismissed his appeal of this Court's Section 2255 Denial. (*See*, Affirmation; Dismissal.) Roberts's latest contention that his sentence is too harsh does not alter any previous finding that it is appropriate.

6

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Phillip Anthony Roberts's *pro se* motion for release under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. [134]) is respectfully **DENIED**.

Dated:  April 14, 2022                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge