UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-196 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Phillip Anthony Roberts, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Phillip Anthony Roberts's *pro se* motions for compassionate release and to appoint counsel.[1]  (Doc. Nos. 141, 142.)  The United States of America opposes the motions.  (Doc. No. 150.)  For the reasons discussed below, the Court respectfully denies Roberts's motion for compassionate release and motion to appoint counsel.

## BACKGROUND

In July 2012, Roberts was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Doc. No. 1.)  Following a bench trial, this Court found Roberts guilty and sentenced him to a 180-month prison term to be followed by a five-year term of supervised release.  (Doc. Nos. 51, 96.)  Roberts filed a

---

[1]  Roberts filed a motion for compassionate release, (Doc. No. 141), and subsequently filed a memorandum with his arguments in support of that motion, (Doc. No. 142).  His request for the appointment of counsel is contained within his memorandum.  (Doc. No. 142 at 6.)

direct appeal to the Eighth Circuit which affirmed his conviction on June 4, 2015.  (Doc. Nos. 98, 107.)  In 2022, Roberts filed a motion for compassionate release with this Court.  (Doc. No. 134.)  This Court rejected that motion, finding Roberts had failed to present an extraordinary and compelling reason to merit compassionate release.  (Doc. No. 138.)  Roberts is currently incarcerated at Beckley FCI with an anticipated release date of October 1, 2025.  Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited November 7, 2024).

Roberts is currently seeking compassionate release due to "age, length of time served, changes in the law, career offender, rehabilitation, family circumstances, resurgence of COVID, and medical issues."  (Doc. No. 142 at 1-2.)  Roberts contends that these are "extraordinary and compelling reasons for compassionate release.  (*Id.*)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Roberts submitted a request for compassionate release to his warden on November 17, 2023. (Doc. No. 142 at 4.) Therefore, the Court finds Roberts's motion is properly before the Court.

Roberts currently suffers from several medical issues: Cervicalgia (neck pain), ACL reconstruction, Myopia (nearsightedness), and Pulpitis (inflammation of dental pulp). (*Id.* at 10-11.) Roberts argues that these conditions provide "extraordinary and compelling reasons" to merit early release. Medical circumstances can provide "extraordinary and compelling reasons" if (1) the medical condition is severe or terminal such as "[ALS], end-stage organ disease, and advanced dementia," (2) if the medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or (3) if the medical condition "requires long-

3

term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B.13(b)(1). Roberts's medical conditions, while real and disruptive, do not rise to the standard to justify compassionate release and Roberts is receiving appropriate medical rehabilitative treatment for his ACL reconstruction. Roberts's other conditions can also be adequately treated during incarceration and do not place him at risk of "serious deterioration in health or death." *Id.* Roberts's claims regarding COVID-19 are likewise insufficient as Roberts has not provided information identifying himself as especially vulnerable to COVID-19. *Avalos Banderas*, 39 F.4th at 1062 (denying a motion for compassionate release for failure to show defendant was particularly vulnerable to COVID-19).

Roberts asserts that, "[he] is serving an unusually long sentence." *Id.* at 16. Roberts's sentence is in fact not "unusually long" but is instead the mandatory-minimum sentence under the Armed Career Criminals Act. Furthermore, "[a] compassionate release motion is not the proper vehicle for challenging a sentencing judgment." *United States v. Xiong*, No. 17-cr-108, 2023 WL 4974762, at *2 (D. Minn. Aug. 3, 2023). As the Court noted in Roberts's previous motion for compassionate release, "a prisoner's sole means to challenge the validity of a conviction or sentence is a motion under 28 U.S.C. § 2255." (Doc. No. 138 at 2.) Roberts has previously unsuccessfully challenged his sentence under 28 U.S.C. § 2255. (Doc. No. 112.) Roberts may not attempt to do so again in the form of a motion for compassionate release.

Roberts also requests early release due to "experiencing unusually harsh prison conditions." (Doc. No. 142 at 18). While poor prison conditions may give rise to other

4

legal remedies, poor prison conditions do not justify compassionate release. *United States v. Sumpter*, No. 17-cr-40011, 2024 WL 3161034, at *3 (S.D. Ill. June 25, 2024) ("If a prisoner's conditions of confinement are unconstitutional, then the prisoner must file a habeas motion pursuant to 18 U.S.C. § 2241 challenging the constitutionality of their custody.  Poor prison conditions are not grounds for compassionate release.").

Roberts also requests early release based on rehabilitation. (Doc. No. 142 at 22). However, rehabilitation, by itself, does not rise to an "extraordinary and compelling reason" to merit early release.  28 U.S.C. § 994(t).  Because Roberts has failed to establish other extraordinary and compelling reasons, rehabilitation is not available to justify compassionate release.

Roberts introduces several other grounds for compassionate release including his age and family circumstances.  Age can provide "extraordinary and compelling reasons" to merit compassionate release if the defendant is at least 65 years old.  U.S.S.G. § 1B.13(b)(2).  Roberts is 41 years old.  Roberts, as movant, has the burden to establish his family circumstances and any other grounds to justify compassionate release. *Avalos Banderas*, 39 F.4th at 1062; *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Roberts has not provided information regarding his family circumstances[2] or other alleged grounds.

---

[2]  The Court acknowledges that Roberts indicated that his mother suffers from lupus and requires care in his November 17, 2023 request to the warden.  (Doc. No. 141-1 at 3.) Roberts did not submit any additional information about his mother to the Court, so the Court does not have sufficient information to grant compassionate release on this ground.

5

Because the Court concludes that Roberts has failed to show extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors nor whether Roberts poses a danger to the community.

Roberts also moves for the appointment of counsel. (Doc. No. 142 at 6.) There is no constitutional right to counsel in postconviction proceedings beyond a defendant's first appeal of right. *Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, a defendant has no statutory right to counsel in postconviction proceedings seeking a sentence reduction. *United States v. Farah*, No. 18-cr-114, 2022 WL 4585689, at *2 (D. Minn. Sept. 29, 2022) (citing *United States v. Meeks*, 971 F.3d 810, 833-34 (8th Cir. 2020)). Whether to appoint counsel is left to the discretion of the Court. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). At this time, Roberts has not demonstrated that appointment of counsel is warranted.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Phillip Anthony Roberts's motion to appoint counsel (Doc. No. [142]) is respectfully **DENIED**.

2. Defendant Phillip Anthony Roberts's motion for compassionate release from custody (Doc. Nos. [141]) is respectfully **DENIED.**

Dated:  November 8, 2024               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge